# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

AMBER E. FAIRROW                                                                                           PLAINTIFF

v.                                      4:18cv00034-BRW-JJV

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,                                                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Amber Fairrow, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the

substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is very young – only thirty years old. (Tr. 188.) She is a high school graduate (*id.*), and has past relevant work as a certified nurse assistant, server, cashier, and assistant retail manager. (Tr. 172.)

The ALJ[1] found Ms. Fairrow had not engaged in substantial gainful activity since May 8, 2014, the alleged onset date. (Tr. 164.) She has "severe" impairments in the form of degenerative disc disease, sciatica, adjustment disorder with depressed mood and obesity. (*Id.*) The ALJ further found Ms. Fairrow did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 164-166.)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The ALJ determined Ms. Fairrow had the residual functional capacity to perform a reduced range of light work given her mental and physical impairments. (Tr. 166.) Given his residual functional capacity assessment, the ALJ determined Plaintiff could no longer perform any of her past work. (Tr. 172.) Therefore, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 212-215, 497-502.) Given the opinion of the vocational expert, the ALJ determined Ms. Fairrow could perform the jobs of parts inspector and mail handler. (Tr. 173.) Accordingly, the ALJ determined Ms. Fairrow was not disabled. (Tr. 173-174.)

The Appeals Council received additional evidence and denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ erred by concluding she maintained the residual functional capacity to perform light work. (Doc. No. 11 at 7-12.) Specifically, she argues that the ALJ failed to consider her limited ability to stand and walk. (*Id.*) Plaintiff's argument is persuasive and I find this case to be a close call. At issue is the consultative examination performed by orthopedic specialist Ted Honghiran, M.D. (Tr. 880-890.) Dr. Honghiran concluded that Plaintiff was capable of standing, walking, and sitting for only thirty minutes without interruption. (Tr. 886.) Plaintiff argues this limitation should have been supplied to the vocational expert when determining if she was capable of performing other jobs. (Doc. No. 11 at 9.) With regard to Dr. Honghiran's findings, the ALJ stated:

> Dr. Honghiran completed a medical source statement on behalf of the claimant at the time of his examination. He limited Ms. Fairrow to lifting/carrying up to 20 pounds occasionally, sitting 4 hours in an 8-hour workday, standing 2 hours in an 8-hour workday, and walking 2 hours in an 8-hour workday. He opined that she was able to sit, stand, or walk 30 minutes at a time and walk 20 feet without the use of a cane. Dr. Honghiran limited the claimant to occasional pushing/pulling bilaterally with her hands, occasional use of the right foot for foot controls, and

3

frequent use of the left foot for foot controls. He assessed a restriction of occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Dr. Honghiran indicated that Ms. Fairrow should never work at unprotected heights or around moving mechanical parts, with only occasional limitations in all other environmental areas. Some weight is given to Dr. Honghiran's assessment, in so far as it is consistent with the above residual functional capacity. The undersigned notes that part of his opinion was supported by the other objective medical evidence, and part was not, i.e. environmental restrictions.

(Tr. 171.)

Dr. Honghiran assessed that Plaintiff was substantially limited in sitting, standing, and walking. (Tr. 886.) The ALJ discounted this assessment because it was not supported by the objective medical evidence. (Tr. 171.) Although the ALJ's opinion does not go into much detail, after careful review, I agree that some of Dr. Honghiran's findings are not supported by the objective evidence. For example, Dr. Honghiran concludes Ms. Fairrow is greatly limited in her ability to sit, stand, and walk, while also reporting, "The x-rays of the lumbar spine (2 views) showed evidence of a normal lumbosacral spine in good alignment and disk spaces are well maintained." (Tr. 881.[1]) He concludes Ms. Fairrow is "not able to do any work of any kind at this time," (Tr. 882), but later concludes Plaintiff is capable of shopping, traveling without a companion for assistance, ambulating without assistance, walking a block at a reasonable pace on rough or uneven surfaces, using public transportation, climbing a few steps at a reasonable pace using a single hand rail, preparing meals and feeding herself, caring for her own personal hygiene, and sorting, handling, and using paper/files. (Tr. 890.) Dr. Honghiran's report further indicates Mr. Fairrow had many abilities consistent with light work activities. (Tr. 885-889.) For these reasons, I find the ALJ could discount Dr. Honghiran's findings.

Plaintiff also argues the ALJ failed to develop the record by not developing Dr. Honghiran's opinion evidence or the vocational expert's testimony. (Doc. No. 11 at 6-7.) The

---

[1] I realize Plaintiff's MRIs show some abnormalities.

4

ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). I find no reversible error here.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. As the Commissioner correctly points out in her brief, Plaintiff's treatment "has been conservative, including steroid injections, and pain medication." (Doc. No. 12 at 5.) It is also noteworthy that Plaintiff failed to return to physical therapy. (Tr. 856.) Failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

I am sympathetic to Ms. Fairrow's claims and her attorney has done an excellent job advocating for her rights. But the overall evidence provides substantial support for the ALJ's determination that she could perform work at the light exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401

(1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 24th day of August 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE